ELLIS, Judge.
This is a suit on a promissory note and chattel mortgage, executed by defendant Jerry Morgan in favor of plaintiff Louisiana National Bank of Baton Rouge. In answer to plaintiff’s petition, defendant denied all allegations thereof and then affirmatively alleged his discharge in bankruptcy on October 17, 1966, the same date on which the suit was filed. He further alleged that an indebtedness of $122.85 to plaintiff was listed in the appropriate schedule of the bankruptcy proceedings. That is the identical amount sued for herein.
The record further reveals that notices for trial were timely sent out, and that the case was, in fact, tried on May 4, 1967. The following is a complete record of the transcript of testimony:
“MR. KOPFLER: Counsel for defendant offers, introduces and files in evidence certified copy of bankruptcy proceedings, letter from Mr. Tyler stating they did have notice and file proof of claim in bankruptcy proceedings.”
The district court subsequently rendered and signed a judgment dismissing plaintiff’s suit. After an application for a new trial was refused by the district court, plaintiff took this appeal.
The sole specification of error is to the effect that the court erred in refusing to allow plaintiff to introduce evidence that defendant’s debt was not dischargeable in bankruptcy. He states that the ruling of the trial judge was based on his failure to allege the non-dischargeability of the debt in his petition.
Plaintiff’s position is well taken, and if the record reflected the truth of his contentions, we would find- it necessary to remand the case for a new trial.
However, the record does not show that plaintiff ever put a witness on the stand or even offered the note and mortgage in evidence. Since there is nothing before us to substantiate plaintiff’s contention, we have no alternative but to affirm the judgment appealed from, which, on the face of the record, is proper.
The judgment appealed from is, accordingly, affirmed, at plaintiff’s cost.
Affirmed.